UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY L HENDERSON,

                Plaintiff,

       v.

KERRY L. GLASOE-GRANT and
TERRY LANE,

                Defendants.

CASE NO. C14-5157 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
MARCH 28, 2014

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

The Court screened plaintiff's complaint pursuant to 28 U.S.C. 1915A. The Court recommends dismissing this action prior to service because the complaint contains a number of defects that cannot be cured by amendment.  Plaintiff alleges that his constitutional rights were violated during a criminal action.  Plaintiff names the prosecutor and his defense counsel as defendants (ECF No. 1, proposed complaint).  Plaintiff alleges that because of his defense

REPORT AND RECOMMENDATION - 1

1 | attorney's actions plaintiff was forced to accept a plea agreement (*id*.).  Plaintiff asks for one

2 | billion dollars in damages (*id*.).

3 |      To state a claim pursuant to 42 U.S.C. § 1983, at least three elements must be met: (1)

4 | defendant must be a person acting under the color of state law; and (2) the person's conduct must

5 | have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of

6 | the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other

7 | grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy*

8 | *City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d

9 | 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege

10 | or establish one of the three elements, his complaint must be dismissed. That plaintiff may have

11 | suffered harm, even if due to another's negligent conduct, does not in itself necessarily

12 | demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344

13 | (1986).

14 |      Frivolous in forma pauperis complaints may be dismissed before service of process

15 | pursuant to the authority found in 28 U.S.C. § 1915A. *Neitzke v. Williams*, 490 U.S. 319, 324

16 | (1989).  A complaint is frivolous if "it lacks an arguable basis in law or in fact." *Id*. at 325.

17 | Leave to amend is not necessary if it is clear that the deficiencies in the complaint cannot be

18 | cured by amendment.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).  After

19 | review, the Court concludes that plaintiff's complaint should be dismissed as frivolous.

20 |      1.    Defense Counsel.

21 |      Plaintiff names his defense attorney as a defendant (*id*.).  A defense attorney, even if he

22 | or she is assigned counsel, does not act under color of state law.  *See Polk County v. Dodson*, 454

23 |

24 |

1  U.S. 312, 317-18 (1981).  This defect cannot be cured by amendment.  The Court recommends

2  dismissal of this defendant prior to service.

3  　　　　　2.　　　　Prosecuting attorney.

4  　　　　　An attorney prosecuting a criminal action is entitled to absolute immunity from liability

5  for damages under § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).  Prosecutorial

6  immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial

7  capacity."  *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997).  If the prosecutor acts as an advocate

8  "'in initiating a prosecution and in presenting the State's case,'" absolute immunity is warranted.

9  *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) (*quoting*

10 *Imbler*, 424 U.S. at 430-31).

11 　　　　　Absolute immunity applies only if the challenged activity is intimately associated with

12 the judicial phase of the criminal process. *Id.* at 430.  Prosecutors are absolutely immune for

13 quasi-judicial activities taken within the scope of their authority. *Ashelman v. Pope*, 793 F.2d

14 1072, 1078 (9th Cir. 1986).  A prosecutor's activities in connection with the preparation and

15 filing of charges are protected by absolute immunity.  *Kalina v. Fletcher*, 522 U.S. 118, 126

16 (1997).  Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute

17 immunity.  *Ashelman*, 793 F.2d at 1078.   Prosecutorial immunity extends to the process of plea

18 bargaining as an integral part of the judicial process.  *Miller v. Barilla*, 549 F.2d 648, 649 n. 3

19 (9th Cir. 1977).  Thus, plaintiff cannot maintain an action against the prosecutor in his criminal

20 action.  This defect cannot be cured by amendment.  The Court recommends dismissal of this

21 defendant from the action prior to service.

22 　　　　　3.　　　　Challenges to the fact or duration of confinement.

23

24

1    Plaintiff alleges that the actions of his defense counsel and the prosecutor forced him to

2  agree to plead guilty (ECF No. 1, proposed complaint).  Plaintiff's claim calls into question the

3  propriety of his plea agreement even though he does not seek release from incarceration in the

4  relief section of his complaint (ECF No. 1).  If a plaintiff is challenging the very fact or duration

5  of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled

6  to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy

7  is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

8    The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted

9  available state remedies has no cause of action under § 1983 unless and until the conviction or

10 sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

11 corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The Court added:

12       Under our analysis the statute of limitations poses no difficulty while the state
         challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]
13       § 1983 cause of action for damages attributable to an unconstitutional conviction
         or sentence does not accrue until the conviction or sentence has been invalidated.
14
   *Id*. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be
15
   made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily
16
   to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would
17
   necessarily imply the invalidity of the judgment or continuing confinement, then the challenge
18
   must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*,
19
   120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).
20
        Plaintiff cannot cure this defect in his pleadings.  Given the defects in the complaint, the
21
   Court recommends dismissing this action prior to service.
22
        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
23
   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
24

REPORT AND RECOMMENDATION - 4

1  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

2  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

3  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

4  March 28, 2014, as noted in the caption.

5        Dated this 4th day of March, 2014.

6

7        J. Richard Creatura
         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 5